IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SALT LAKE TRIBUNE PUBLISHING COMPANY, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MANAGEMENT PLANNING, INC.; MEDIANEWS GROUP, INC.; and KEARNS-TRIBUNE, LLC,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:03-CV-565 TC |

On October 24, 2005, the court issued an Order granting the Defendants' motions to dismiss the Amended Complaint of Plaintiff Salt Lake Tribune Publishing Company, LLC ("SLTPC"). SLTPC then filed a Rule 59(e) Motion for Reconsideration or in the Alternative for Leave to Amend the First Amended Complaint. SLTPC also filed a Contingent Motion to Certify Issue Under 28 U.S.C. § 1292(b) for Interlocutory Appeal (that is, it is contingent on whether the court grants SLTPC's Motion for Reconsideration). For the reasons set forth below, the court DENIES both motions.

**Plaintiff's Motion for Reconsideration or in the Alternative for Leave to Amend the First Amended Complaint**

"[C]ourts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Ekotek Site PRP Committee v. Self, 932 F.

Supp. 1319, 1322 (D. Utah 1996) (internal citations omitted).  SLTPC has not cited to any intervening change in controlling law nor has it produced new (and previously unavailable) evidence to the court.  Apparently, SLTPC seeks reconsideration on the basis that there is need to correct clear error or prevent manifest injustice.  Specifically, SLTPC states that it

> seek[s] reconsideration of this Court's holding that, when judged under the New Jersey law governing judicial scrutiny of arbitrations, the [First Amended Complaint] fails to state a claim.  In reaching that conclusion, the Court neither examined the content and contours of New Jersey's standards for judicial assessment of arbitration awards nor assessed whether the allegations in the [First Amended Complaint] meet any of the New Jersey law standards for vacating an arbitration award.

(Pl.'s Mem. Supp. Mot. Reconsideration at vi.)  SLTPC incorrectly suggests that the court "skipped these critical steps, no doubt, because the correct standards were not shared with the Court by [the Defendants]."  (Id.)

SLTPC misreads or mischaracterizes the court's October 24, 2005 Order.  The court did not "skip" any critical steps in the analysis regarding New Jersey statutory law governing arbitrations because the court expressly held that the MPI Appraisal was not an arbitration under New Jersey law.  (See Oct. 24, 2005 Order at 12.)  See also Salt Lake Tribune Publ'g Co, LLC v. Management Planning, Inc., 390 F.3d 684, 692 (10th Cir. 2004) (holding that MPI Appraisal was not an arbitration and that parties did not intend for it to be an arbitration).  SLTPC's proffered reason for reconsideration is based on an incorrect reading of the court's opinion.  The court declines to alter or amend its final order.

As for SLTPC's request for leave to amend the complaint, the court declines to grant such leave.  According to the Tenth Circuit, "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P.

2

59(e) or 60(b)." The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting Seymour v. Thornton, 79 F.3d 980, 987 (10th Cir. 1996)).  The Tenth Circuit continued in Tool Box by stating that "even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed.'" Id. (internal citations omitted).  The court's October 24, 2005 Order was a final order dismissing the case.  To the extent SLTPC views the court's ruling as announcing a new legal standard, particularly one with which it disagrees, such an issue is for the Tenth Circuit to address on appeal.

Moreover, the court notes that SLTPC had ample opportunity to amend its complaint to add allegations of fraud, but it apparently chose not to do so even though it was aware of the issues raised by the Defendants.  (See, e.g., Mem. Supp. Kearns-Tribune's & MediaNews' Renewed Mot. to Dismiss Compl. at iv ("[In an earlier order of dismissal], the Court observed that SLTPC had not alleged actual fraud . . . . [T]he absence of any allegation of fraud, misconduct or other wrongdoing by the appraiser is fatal to the complaint under New Jersey law."); Mar. 21, 2005 minute entry & Mar. 24, 2005 scheduling order (allowing SLTPC to amend complaint); Pl.'s First Am. Compl. (filed Apr. 1, 2005).)  SLTPC's time and opportunity to amend the complaint have passed.

SLTPC's request for leave to amend is DENIED.

**Plaintiff's Contingent Motion to Certify Issue Under 28 U.S.C. § 1292(b) for Interlocutory Appeal**

Because the court has denied SLTPC's motion for reconsideration and for leave to

amend, SLTPC's Motion to Certify an issue for interlocutory appeal is moot. The court has issued a final order disposing of the Plaintiff's claims against all defendants. SLTPC has an appeal as of right to the Tenth Circuit. There is no need for certification for interlocutory appeal. Accordingly, the Plaintiff's contingent motion to certify is DENIED AS MOOT.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Plaintiff's Rule 59(e) Motion for Reconsideration or, in the Alternative, for Leave to Amend the First Amended Complaint is DENIED.

2. Plaintiff's Contingent Motion to Certify Issue Under 28 U.S.C. § 1292(b) for Interlocutory Appeal is DENIED AS MOOT.

3. Defendants MediaNews Group, Inc.'s and Kearns-Tribune's Motion for Leave to File a Thirteen-Page Mem. in Opp'n to Pl.'s Mot. for Reconsideration or, in the Alternative, for Leave to Amend the First Amended Complaint is DENIED AS MOOT.

DATED this 5th day of December, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge